*Burris*, for plaintiff.
*Davis*, for defendant.

————•————

RICHARD ROTHWELL, d. b. a., *vs.* JOHN T. ELLIOTT, p. b. r.

New Castle County, November Term, 1895.

**Practice. New Trial.**—The fact that counsel mentioned in argument to the jury that the justice had given judgment for the plaintiff is no ground for a new trial where there is no allegation that the words spoken influenced the jury.

After verdict for the plaintiff below, Whiteman, for the defendant below, moved for a new trial upon the ground that the attorney for the plaintiff in his argument to the jury referred

to the Justice of the Peace having heard this cause and having given a judgment in favor of the plaintiff below, which reference was improper, and calculated to influence the minds of the jury in favor of said plaintiff below.

*Hilles*, for the plaintiff below, contended that the Court will not disturb the verdict of the jury where there is a conflict in the testimony and unless it sees some good legal ground for doing so ; and the reasons assigned for a new trial must be such that if they be true, as stated, the Court would set aside the verdict.

The Court will not consider any matter not specially set forth in the reasons filed which must contain everything upon which the plaintiff in the rule seeks to base his application.   Hilliard on New Trials 34, 24.

It must appear by the exceptions that objection was taken to the course complained of at the time.   Hilliard on New Trials 82, 93.

Even if counsel in argument to the jury, referred to the fact that the Justice of the Peace having heard this cause had given a judgment in favor of the plaintiff, below there is no authority that it was an improper matter of comment.   The case of *Townsend vs. Steward*, 4 Harring. 94, decides only that " the proceedings below were not evidence of an appeal, and that it was improper even to allude to them further than to state that the case came up on appeal."   In *Hudson vs. Pettijohn*, 4 Harring. 356, it was held, properly, that the transcript filed in the case was not admissible in evidence to prove the case.   If it were alleged in the reasons in this cause that plaintiff's attorney had stated what the judgment was below, which could not be done, it might come within the ruling of, this case.   But a party cannot move for a new trial on ground not distinctly made at the trial.   Hilliard on New Trials 82.

If there is abuse of the privilege of argument before the jury, it is the duty of counsel on the other side to object at the time, and have a ruling upon the question, but objection if not made then can never be urged at any subsequent stage.   It comes too late at the

conclusion of the argument ; *Western Union Telegraph Co. vs. Apple*, 28 S. W. Rep. 1022 ; or after the retirement of the jury ; *Morris vs. State*, 32 Texas Cr. Rep. 172 ; or after the verdict; *Ackerman vs. R. R. Co.*, 76 Hun 484 ; *Bowers vs. Mitchell*, 77 Me. 361 ; *Barber vs. McKee*, 7 Missouri App. 587 ; *Learned vs. Hall*, 133 Mass. 419 ; *State vs. Degonia*, 69 Missouri, 486 ; *State vs. Forsythe*, 89 Mo. 667 ; *State vs. Jefferson*, 43 La. Ann., 995 ; *State vs. Powell*, 106 N. C. 635 ; *State vs. Suggs*, 89 *id.* 527 ; *Dowdell vs. Wilcox*, 64 Ia. 724.

It cannot be availed of on motion for a new trial or on appeal for the first time; *Scaggs vs. Given*, 29 Mo. App. 612 ; *Burdoyne vs. Trenton*, 116 Mo. 358 ; *Chandler vs. Thompson*, 30 Fed. Rep. 38 ; *Lynch vs. Peabody*, 137 Mass. 92 ; *Kenyon vs. Southard*, 3 Gilm., 99 ; Hilliard, New Trials 93 ; Thompson, Trials § 957 ; *Hudson vs. Pettyjohn*, 4 Harring. 357.

LORE, C. J., delivered the opinion of the Court.

The application for new trial is refused, on the ground that there is no averment in the affidavit at all that the words spoken by counsel in any wise influenced the jury. On the contrary, it is distinctly stated in the affidavit that it was simply " calculated " to influence the mind of the jury ; and under the well settled decisions in this State governing new trials, the motion for a new trial made in this case is refused and the rule is discharged.